```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         COOKEVILLE DIVISION
```

ANITA MONTGOMERY,              )
                               )
         Plaintiff             )
                               )
v.                             )      No. 2:11-0051
                               )      Judge Sharp/Brown
STANDARD INSURANCE COMPANY,    )
et al.,                        )
                               )
         Defendants            )

### **SCHEDULING ORDER**

The parties in this matter have filed a joint scheduling order and after discussing the matter with the parties the following schedule is entered.

1. *Introduction*: Pursuant to Fed. R. Civ. P. 16(b) a scheduling conference is scheduled in this case on **August 15, 2011, at 1:00 p.m.** Present representing the plaintiff will be attorney D. Seth Holliday. Present representing defendants will be attorneys Warren von Schleicher.

2. *Jurisdiction*: This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and pursuant to 29 U.S.C. § 1132. Plaintiff is seeking payment of disability benefits under an ERISA governed long term disability plan (the "Plan") pursuant to a group long-term disability insurance policy (the "LTD Policy") issued by Standard.

3. *Plaintiff's theory of the case:* Plaintiff claims that she is disabled under the terms of the Plan that is the

subject of this litigation and the group long term disability insurance policy that was issued by Standard. Plaintiff, at all relevant times, was a participant in the Plan. Plaintiff became disabled on or about August 6, 2007, received benefits for a time, and timely filed an application for benefits after being terminated from said benefits. Ms. Montgomery has not received the full requisite of her long term disability benefits. She appealed this denial and exhausted her required administrative remedies, but the denial of benefits was upheld.

Plaintiff contends that the denial of benefits was wrong under a *de novo* standard of review and was arbitrary and capricious under a discretionary standard of review. Standard's decision-making process did not provide the Plaintiff a full and fair review as required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1. The Defendant decision-makers were acting under a conflict of interest and allowed the conflict of interest to influence their decision-making. Plaintiff is not making a Section 502(a)(3) claim.

**4.  *Defendant's theory of the case:*** Standard contends that its decision to deny the Plaintiff's claim for certain long term disability benefits was reasonable and permissible and was not arbitrary or capricious. Standard asserts that it provided the Plaintiff with a full and fair review of her claims for benefits pursuant to ERISA and the terms of the ERISA Plan. Standard further denies that the Plaintiff is entitled to an award of benefits,

interest, attorneys' fees or any other benefits, damages or other relief.

   *5.  Identification of the issues:*

      A.   Plaintiff asserts that:

      1.   Standard's decision to deny long term disability was wrong under a *de novo* standard of review.

      2.   Standard's decision to deny long term disability benefits was arbitrary and capricious.

      3.   Plaintiff is entitled to benefits under the terms of the ERISA plan, as well as interest and attorneys fees.

      B.   The Defendants assert that:

      1.   Standard's determination that Plaintiff was not disabled under the terms of the ERISA Plan was reasonable and was not arbitrary and capricious;

      2.   Standard's denial of the Plaintiff's claim for benefits under the terms of the ERISA Plan was reasonable and was as not arbitrary and capricious;

      3.   Plaintiff is not entitled to recover any long term disability benefits, attorneys' fees and costs, or any other benefits or damages. Standard contends that it is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g).

*6. Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedures:* None

*7. Witnesses, if know, subject to supplementation by each party:* None.

*8. Initial Disclosures and Staging of Discovery*: Defendant asserts that this case is excluded from the initial disclosure requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure on the basis that this is "an action for review on an administrative record." Fed. R. Civ. P. 26(a)(1)(E)(i). Rule 26(a)(1)(E) specifically exempts such proceedings from the initial disclosure requirements under Rule 26(a)(1). Pursuant to the procedures adopted in *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998), this Court is limited to the administrative record in connection with its review of Standard's determination to deny the Plaintiff's claim for long term disability benefits under the Plan.

Plaintiff disagrees that this case falls under Fed. R. Civ. P. 26(a)(1)(E)(i), in that it is not a review of an administrative record following agency action. Rather it is a case between private litigants. An ERISA administrative record is not a true "administrative record" that is created by a government agency after a due process hearing. However, the Plaintiff agrees that service of the ERISA administrative record on the Plaintiff will satisfy the parties' obligations for initial disclosures.

No party has served discovery. The Court's review is limited to a review of the administrative record before the claim decision-maker at the time the decision to deny benefits was made. Plaintiff contends that discovery is permitted to address alleged violations of due process on the part of the decision-maker. Plaintiff acknowledges that the record is closed with respect to additional evidence of disability. However, Plaintiff asserts that Sixth Circuit precedent allows limited discovery and the court's consideration of evidence of bias or violation of due process on the part of the decision-maker. Moreover, there is always the possibility that the parties will disagree as to what constitutes the ERISA administrative record, but there is no present disagreement at this stage of the proceedings.

Defendants contend that judicial review is confined to the administrative record, and that there should be no discovery outside production of the administrative record, based on Sixth Circuit precedent.

In light of the foregoing, the Parties propose the following schedule:

Standard shall file the ERISA Administrative Record with Court and serve a copy of same on Plaintiff on or before **September 30, 2011**.

Should Plaintiff have any objection to the content of the filed ERISA Administrative Record, such objection shall be filed on or before **October 28, 2011**.

Should the Plaintiff seek discovery in this case, the Plaintiff will serve such proposed discovery on the Defendant on or before **October 28, 2011**. Plaintiff states that such proposed discovery will be limited to those issues for which Plaintiff contends discovery is permitted in an ERISA matter. *See, e.g., Huffaker*, 2008 WL 822262, at *10; *Likas*, 2007 WL 738647, at *4; *McInerney*, 2007 WL 1650498, at *3; *Calvert*, 409 F.3d at 293, n.2 (6th Cir. 2005); *Kalish,* 419 F.3d at 508 (6th Cir. 2005); *Myers v. The Prudential Insurance Company of America*, No. 1:08-cv-22 (E.D. Tenn. entered September 22, 2008 as Docket No. 29, Order at 1, 12, 14); *Platt v. Walgreen Income Protection Plan for Store Managers*, No. 3:05-cv-162 (M.D. Tenn. entered December 6, 2005 as Docket No. 31, Order at 4).

The Defendant shall (i) respond to the proposed discovery or (ii) notify Plaintiff in writing that Plaintiff is not entitled to conduct discovery or that all or a portion of the proposed discovery is outside the bounds of discovery permitted in a claim seeking the recovery of an ERISA benefit **within thirty (30) days of receipt of the proposed discovery**. If the Defendant so notifies the Plaintiff of its objection(s), the parties shall endeavor to resolve any disputes related to the proposed discovery between themselves. Should the Parties be unable to agree as to any proposed discovery, either party may file a motion to obtain a ruling regarding the requested discovery. Nothing in this discovery plan shall be construed as a concession or admission from the

Defendant that discovery is allowable in this or any other ERISA benefits claim.

The Parties shall file their respective motions for Judgment on the Record ninety (90) days after the deadline to serve proposed discovery, or by **January 26, 2012**, if no proposed discovery is served by the Plaintiff. If proposed discovery is served and Defendant does not object to such discovery, the Parties shall file their respective motions for Judgment on the Record **forty-five (45) days after the proposed discovery is completed**. If the parties are unable to resolve their respective disputes concerning any proposed discovery and a motion pertaining to any proposed discovery is filed, the Parties shall file their respective motions for Judgment on the Record **forty-five (45) days after the Court rules that the discovery may not be had**, or if the discovery is permitted, **within forty-five (45) days after the close of discovery if discovery is permitted**.

The Parties shall file their response briefs to the opposing party's motions by **February 27, 2012**, or thirty (30) days after the date the opposing party files and serves her/its respective motion for judgment, whichever date is applicable.

The Parties shall be permitted to file a short, five (5) page reply brief to the opposing party's response brief, by **March 8, 2012**, or within ten (10) days of the filing and service of the opposing party's response brief, whichever date is applicable.

Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a certain time with the Court.

***9. Dispositive motions:*** Moving and response briefs shall not exceed 25 pages. The parties shall not exceed these page limitations without permission of the Court.

***10. Other deadlines:*** At this time there appears to be no need for counterclaims, crossclaims, third-party claims, amendments, joinder, or consideration of a class action. Any motions to amend the pleadings must be made by **September 30, 2011**.

***11. Subsequent case management conference:*** The parties do not anticipate the need for subsequent case management conferences. If such a need arises, the parties may contact the Court to schedule another case management conference. Otherwise, any party may file a motion seeking further case management.

***12. Alternate dispute resolution:*** It is too early to tell whether the parties may be able to negotiate toward settlement. The parties will discuss the possibility of settlement after the ERISA administrative record has been filed by Defendants.

***13. Consent to trial before the Magistrate Judge:*** The parties do not consent to trial before the Magistrate Judge.

***14. Target trial date:*** A trial is not permitted in this civil action under ERISA. *Wilkins v. Baptist Healthcare Sys.*, 150

F.3d 609, 617-20 (6th Cir. 1998). Rather, the court reviews only the evidence before the claims decision-maker at the time the final decision to deny benefits was made. *Wilkins*, 150 F.3d at 617-20. This case shall be decided on dispositive motions filed by the parties.

  *15. Consent to Magistrate Judge*: The parties do not consent to proceed before the Magistrate Judge.

  *16. Case Management Conference:* The Magistrate Judge conducted a telephone conference with the parties at their request on August 11, 2011. In view of that telephone conference, the initial case management conference scheduled for Monday, August 15, 2011, is canceled.

  It is so ORDERED.

         /s/ Joe B. Brown
         JOE B. BROWN
         United States Magistrate Judge